# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. |
|---|

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | (860) 548-2700 | October 15, 2024 |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | ☐ Number: ___ | Hartford | Major: **M** | Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| (860) 296-3457 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*: mparadisi@cicchielloesq.com |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: Emilia Sifuentes<br>Address: c/o 364 Franklin Avenue, Hartford, CT 06114 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: Hartford Healthcare Medical Group, Inc. - 1290 Silas Deane Highway, 2nd Floor, Wethersfield, CT 06109<br>Address: Agent Details - Corporation Service Company, Goodwin Square, 225 Asylum Street, 20th Floor, | D-01 |
| **Additional defendant** | Name: Hartford, CT 06103<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>Matthew D. Paradisi, Esq. |
|---|---|---|---|
| 09/12/2024 | | | |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

*For Court Use Only*
File Date

A True Copy
Attested by
State Marshal Chris Fry

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Page 1 of 2

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

    Do *not* use this summons for the following actions:
    (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
    (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
    (c) Applications for change of name
    (d) Probate appeals
    (e) Administrative appeals
    (f) Proceedings pertaining to arbitration
    (g) Summary Process (Eviction) actions
    (h) Entry and Detainer proceedings
    (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | | |
| | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | | | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | | | | V 90 | All other *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 68 | Bar Discipline - Inactive Status | | | |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

| | | |
|---|---|---|
| RETURN DATE: OCTOBER 15, 2024 | : | SUPERIOR COURT |
| | : | |
| EMILIA SIFUENTES | : | J.D. OF HARTFORD |
| | : | |
| VS. | : | AT HARTFORD |
| | : | |
| HARTFORD HEALTHCARE MEDICAL GROUP, INC. | : | SEPTEMBER 12, 2024 |

## COMPLAINT

**FIRST COUNT:**    Interference in Violation of the Connecticut Family and Medical Leave Act – Conn. Gen. Stat. § 31-51pp

1. The Plaintiff, Emilia Sifuentes ("Plaintiff"), has at all times relevant been a resident of the City of Hartford, State of Connecticut.

2. The Defendant, Hartford Healthcare Medical Group, Inc. (hereinafter "Defendant" or "Defendant Company"), is a domestic corporation organized under the laws of the State of Connecticut with a primary business address of 1290 Silas Deane Highway 2nd Floor, Wethersfield, Ct, 06109.

3. Plaintiff commenced employment with Defendant in or about May 2022 as a Patient Services Coordinator for its Urology Department within Hartford Hospital.

4. In or about December 2023, Plaintiff was promoted to the role of Surgical Coordinator. The role included an increase in pay and additional responsibilities.

5. Plaintiff performed her work for Defendant at or above satisfactory levels at all times relevant.

6. Prior to Plaintiff's termination on or about May 9, 2024, Defendant had never subjected Plaintiff to discipline.

7. On or about February 27, 2024, Plaintiff learned that she was pregnant.

8. In or about late March or early April 2024, Plaintiff informed Defendant, through Alejandra Montegano, Defendant's office manager, that she had become pregnant, that she was considered a "high risk" pregnancy, and would accordingly need time off in order to attend frequent medical appointments in connection with her pregnancy.

9. Montegano conveyed, in response, that she would inform Defendant's regional manager.

10. Plaintiff applied for, and was granted, intermittent FMLA in connection with attending her pregnancy-related appointments, commencing in or about March 2024.

11. Plaintiff was diagnosed with an incompetent cervix, necessitating a procedure on or about April 12, 2024.

12. Plaintiff was also diagnosed with gestational diabetes on or about April 26, 2024.

13. Plaintiff's medical providers further characterized and/or diagnosed Plaintiff as a high-risk pregnancy.

14. Commencing thereafter, Plaintiff's medical providers instructed her that she would be required to attend medical appointments on at least a weekly basis to monitor her multiple pregnancy-related diagnoses.

15. Commencing in or about mid-April 2024 and continuing thereafter, Plaintiff informed Montegano and Cassandra Selby, Regional Manager, of her pregnancy-related medical conditions along with the concomitant need to miss time to attend pregnancy-related appointments.

16. On or about April 25, 2024, Defendant's Service Line Director-Urology, David Scagliarini, met with Plaintiff in-person, in Defendant's Urology office. Scagliarini, during the course of the ensuing exchange, inquired of Plaintiff as to how she was acclimating to the role of surgical scheduler over the course of the preceding months. In response Plaintiff discussed with

Scagliarini the fact that she was pregnant, on intermittent FMLA, was struggling with her high-risk pregnancy, and was unfortunately having to miss time from work associated with her medical appointments.

17. On or about April 30, 2024, Plaintiff was called into a meeting with Scagliarini, Selby, and Pam DeRoy, Human Resources Consultant. During the course of the ensuing meeting, Defendant Representatives began inquiring concerning Plaintiff's timekeeping entries, ultimately inquiring as to why their records appeared to indicate, for instance, Plaintiff's employee garage exit/entry records indicated that she had entered the garage at 8:35am, but her time entry into its timekeeping software seemed to indicate that she was punched in at 8:30am. Plaintiff initially conveyed that she could not recall the particular times at issue or understand why the garage records did not seem to align, but requested that a follow up meeting happen so Plaintiff could attempt to provide reasoning why the times did not seem to align.

18. The following day, on or about May 1, 2024, Plaintiff reached out to Selby, to request a follow-up meeting regarding the issues brought up during the course of the meeting the preceding day, and accordingly, a meeting was scheduled for the following Monday, May 6, 2024.

19. During the course of the ensuing meeting, Plaintiff explained that she had not been utilizing the employee garage since approximately January 2, 2024, when her card had ceased working, and she was not being permitted to enter the employee garage. Since that date, Plaintiff had been parking in the public garage, and having the office validate her garage parking ticket. Accordingly, she was not using her badge to enter or exit the employee garage, and any records which may have appeared to depict her entering that garage would not actually be depicting Plaintiff's activities.

20. Further during the course of the same May 6, 2024 meeting, Plaintiff conveyed that she felt she was being targeted on account of her pregnancy, her recent need for and use of FMLA, and her anticipated maternity leave, all while adamantly denying having stolen any time from Defendant.

21. On May 9, 2024, Defendant terminated Plaintiff.

22. Defendant's proffered reason for terminating Plaintiff was that she had purportedly stolen time on 18 occasions between January and April of 2024 by punching in before arriving at her work site or punching out after she had left.

23. Defendant's proffered reason for terminating Plaintiff was false.

24. At all times set forth herein, Plaintiff was an "eligible employee" for medical leave under the Connecticut FMLA within the meaning of Conn. Gen. Stat. § 31-51kk.

25. At all times set forth herein, Defendant was an "employer" within the meaning of Conn. Gen. Stat. § 31-51kk.

26. Plaintiff's wife's medical condition, as set out herein above, constituted a "serious health condition" within the meaning of Conn. Gen. Stat. § 31-51kk.

27. Pursuant to Conn. Gen. Stat. § 31-51ll, as an eligible employee, Plaintiff was "entitled to a total of twelve workweeks of leave because of a serious health condition of the employee."

28. Defendant, through the foregoing conduct, interfered with, restrained, and/or denied Plaintiff's right to leave under the Connecticut FMLA, in violation of Conn. Gen. Stat. § 31-51pp(a)(1).

29. As a result of the foregoing conduct of the Defendant, Plaintiff was caused to suffer lost wages and other consequential damages.

4

**SECOND COUNT:**          Retaliation in Violation of the Connecticut Family and Medical Leave Act – Conn. Gen. Stat. § 31-51pp

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 23 of the First Count as Paragraphs 1 through 23 of this Second Count, as if fully set forth herein.

24. The Plaintiff, through the foregoing conduct, engaged in protected activity pursuant to Conn. Gen. Stat. §§ 31-51kk through 31-51qq, inclusive.

25. Defendant terminated Plaintiff's employment motivated by his having engaged in the foregoing protected activity, in violation of C.G.S. § 31-51pp, which provides, in pertinent part, "It shall be a violation…for any employer to discharge or cause to be discharged, or in any other manner discriminate, against any individual… because such employee has exercised the rights afforded to such employee [pursuant to C.G.S. § 31-51kk et seq.]."

26. As a result of the foregoing conduct of the Defendant, Plaintiff was caused to suffer lost wages and other consequential damages.

**THIRD COUNT:**      Interference in violation of the Family Medical Leave Act 29 U.S.C. § 2612 et seq.

1. Plaintiff repeats and re-alleges paragraphs 1 through 23 inclusive above, and incorporates them as paragraphs 1 through 23 of this Third Count as if fully stated herein.

24. The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to a leave under the FMLA, and the Plaintiff applied for and utilized leave under the FMLA.

25. The Defendant interfered with Plaintiff's right to be restored to his position after utilizing FMLA leave by terminating his employment under a false pretext.

26. As a result of the Defendant's interference with the Plaintiff's right to be restored to his position following the use of FMLA leave, the Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer the loss of same, all to his loss and detriment.

27. As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred, and will continue to incur, attorney's fees and costs in order to obtain the rights to which he is entitled.

**FOURTH COUNT:** **Retaliation Pursuant to the Family Medical Leave Act 29 U.S.C. § 2612 *et seq.***

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 23 above as Paragraphs 1 through 23 of this Fourth Count as if fully set forth herein.

24. The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to a leave under the FMLA, and the Plaintiff requested and utilized medical leave under the FMLA.

25. The Plaintiff was retaliated against and subject to adverse employment actions for attempting to exercise and/or exercising his rights under the FMLA in that he was ultimately terminated because of his use of FMLA leave.

26. As a result of the Defendant's violation of the FMLA, the Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer the loss of same, all to his loss and detriment.

27. As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred, and will continue to incur, attorney's fees and costs in order to obtain the rights to which he is entitled.

THE PLAINTIFF
EMILIA SIFUENTES

By: _____
Matthew D. Paradisi, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mparadisi@cicchielloesq.com

A True Copy
Attested by _____
State Marshal Chris Fry

| | | |
|---|---|---|
| **RETURN DATE: OCTOBER 15, 2024** | : | **SUPERIOR COURT** |
| | : | |
| **EMILIA SIFUENTES** | : | **J.D. OF HARTFORD** |
| | : | |
| **VS.** | : | **AT HARTFORD** |
| | : | |
| **HARTFORD HEALTHCARE MEDICAL GROUP, INC.** | : | **SEPTEMBER 12, 2024** |

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays for the following relief:

1. Monetary damages;

2. Front pay or reinstatement;

3. Liquidated / Double Damages;

4. Punitive damages;

5. Reasonable attorneys fee and costs; and

6. Such other relief as is allowable by law.

                                                                       THE PLAINTIFF
                                                                       EMILIA SIFUENTES

By: _____
Matthew D. Paradisi, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mparadisi@cicchielloesq.com

8

A True Copy
Attested by _____
State Marshal Chris Fry

| | | |
|---|---|---|
| **RETURN DATE:  OCTOBER 15, 2024** | : | **SUPERIOR COURT** |
| | : | |
| **EMILIA SIFUENTES** | : | **J.D. OF HARTFORD** |
| | : | |
| **VS.** | : | **AT HARTFORD** |
| | : | |
| **HARTFORD HEALTHCARE MEDICAL GROUP, INC.** | : | **SEPTEMBER 12, 2024** |

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff claims the amount in demand in excess of $15,000.00 exclusive of interest and costs.

THE PLAINTIFF
EMILIA SIFUENTES

By: _____
Matthew D. Paradisi, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mparadisi@cicchielloesq.com

9

A True Copy
Attested by _____
State Marshal Chris Fry